IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 98-CR-40002-JPG |
| | ) |
| KENYA A. GANER | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

THIS MATTER is before the Court on defendant Kenya Ganer's Motion to Terminate Supervised Release (Doc. 255) pursuant to 18 U.S.C. § 3583e. The Motion rests upon the argument that Ganer's active tuberculosis prevents the interests of justice from being served by continuing supervision. The Government has responded to this motion (Doc. 256), and the Defendant has replied to the Governments' response (Doc. 257). The Court, having been fully advised in the premises, finds that the Motion to Terminate Supervised Release should be **DENIED**. Upon the Courts own Motion, the Court **MODIFIES** the conditions of Supervised Release.

Defendant, Kenya Ganer, is a former prisoner who is currently serving a 12 month term of supervised release. In the past Ganer has had his supervised release revoked several times for non-compliance. In the instant motion, Ganer asserts that he meets the statutory requirements and that, because of his active tuberculosis, the interests of justice warrant the termination of his supervised release. The Government contests these assertions.

Section 3583e permits a court to terminate a defendant's supervised release and discharge the defendant after he has served one year. However a court should only do this when such action is warranted by the conduct of the defendant and an early termination would serve

the interests of justice. The statute sets out in pertinent part:

> **(e) Modification of conditions or revocation.**--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)©, (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> **(1)** terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583.

In the instant case, the Court finds that the defendant has not been fully compliant with the conditions of supervised release, and therefore the defendant is not eligible for termination of supervised release. The statute contemplates defendants who have successfully participated in the supervised release program; however, Ganer has already had his supervised release revoked twice and has just commenced his third term. He has only served two months of his third term so far, although he has done so without any major violations. This is not conduct that warrants the termination of supervised release as envisioned by the statute. Simply by virtue of Ganer's historic non-compliance, he is not eligible.

It is also uncertain that Ganer has met all the statutory requirements because it is unclear that Ganer has served a year as envisioned by the statute. "[A]ny time after the expiration of one year of supervised release" can clearly be read to require a full undivided year, but may also be read to require only an aggregated year. In any event, the Court does not need to reach this question of interpretation because of the aforementioned historic non-compliance.

Nevertheless, the Court does find that the defendant's tuberculosis adjusts the interests of justice served by a term of supervised release. Under the statute "the court may . . . modify, reduce or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C.§ 3583(e)(2). In order to modify the conditions, the court must first consider some of the factors set forth in 18 U.S.C. § 3553, including § 3553(a)(1) which lists "the nature and circumstances of the offense and the history and characteristics of the defendant" as one factor the court must consider. 18 U.S.C. § 3553(a)(1). Here, the Court must consider the defendant's active tuberculosis as a characteristic which adjusts the interests of justice served by supervised release. The Court finds that, because of his active tuberculosis, the interests of justice would not be served by requiring the Defendant to serve the full 12 months of supervised release.

For the forgoing reasons, the Court hereby **DENIES** Ganer's Motion for Termination of Supervised Release, and upon motion of the Court, the Court hereby **MODIFIES** the conditions of Supervised Release. Defendant Ganer's term of Supervised Release shall end on August 1st, 2006, with all other terms and conditions of the Defendant's Supervised Release to remain in force until that date.

**IT IS SO ORDERED.**

Dated:  July 11, 2006

  s/ J. Phil Gilbert
  U. S. District Judge